IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAVIER VIDAURRI, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:02-CV-889-M |
| | § | |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

**RESPONDENT COCKRELL'S MOTION TO DISMISS AS TIME BARRED
PURSUANT TO 28 U.S.C. § 2244(d) WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Janie Cockrell, Director, Texas Department of Criminal Justice, Institutional Division, Respondent, hereinafter the "Director", by and through her attorney, the Attorney General of Texas, and files this Respondent Cockrell's Motion to Dismiss as Time Barred Pursuant to 28 U.S.C. § 2244(d) with Brief in Support.

**I.**

**JURISDICTION**

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

**II.**

**DENIAL**

The Director denies every allegation of fact made by Petitioner, hereinafter "Vidaurri," except those supported by the record and those specifically admitted herein.

**III.**

**STATEMENT OF THE CASE**

The Director has lawful custody of Vidaurri pursuant to a judgment and sentence of the Criminal District Court Number 1 of Dallas County, Texas, in Cause No. F-9603172-IH, styled, *The State of Texas v. Javier Vidaurri*. *Ex parte Vidaurri*, Application No. 50,926-01, at 69-71 (copy

of judgment and sentence). Vidaurri was indicted for the felony offense of capital murder. *Id.* at 67 (copy of indictment). Vidaurri pled not guilty to a jury, which found him guilty. *Id.* at 69. On November 7, 1996, the court assessed the mandatory sentence of life in the Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"). *Id.*

Vidaurri appealed his conviction, which was affirmed by the Fifth Court of Appeals of Texas in an unpublished opinion on October 27, 2000. *Vidaurri v. State*, 2000 WL 1600659 (Tex. App.–Dallas, 2000); Exhibit A (copy of opinion). Vidaurri did not file a petition for discretionary review with the Court of Criminal Appeals. Petition at 3. On September 11, 2002, Vidaurri filed his state writ application challenging the legality of his confinement pursuant to the instant conviction. *Ex parte Vidaurri*, at 2. It was denied without written order on the findings of the trial court without a hearing on December 19, 2001. *Id.* at cover.

Vidaurri filed his original petition for writ of habeas corpus with this court on March 29, 2002. Petition at 9. This proceeding follows.

## IV.

## STATE COURT RECORDS

Copies of Vidaurri's direct appeal and state habeas proceedings will be forwarded to this court under separate cover as soon as they have been copied.

## V.

## EXHAUSTION OF STATE COURT REMEDIES

At this time, resolution of the exhaustion requirement is not necessary pending the court's resolution of the instant motion to dismiss. However, should this court deny the Director's motion to dismiss, the Director reserves the right to address whether Vidaurri has exhausted his state court remedies.

## VI.

## PETITIONER'S ALLEGATIONS

As grounds for relief, the Director understands Vidaurri to allege the following:

2

1. He was not correctly admonished of the nature of the charges against him, or the fact that the only possible sentence was an automatic life sentence;

2. Texas's capital sentencing scheme is unconstitutional because, where the sentence is an automatic life sentence, there is no vehicle for the jury to consider and give effect to mitigating evidence;

3. The evidence is consistent with an accidental discharge of a weapon during a melee;

4. Trial counsel was ineffective because he failed to request an instruction on the voluntariness of Vidaurri's actions;

5. There was jury charge error because the jury was not charged on the voluntariness of Vidaurri's actions;

6. False evidence was presented by the State;

7. He was denied the effective assistance of counsel on appeal.

## VII.

## MOTION TO DISMISS AS TIME BARRED PURSUANT

## TO 28 U.S.C. § 2244(d) WITH BRIEF IN SUPPORT

Vidaurri filed the instant federal petition for writ of habeas corpus on March 29, 2002. Petition at 9. Therefore, his petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Lindh v. Murphy,* 52 U.S. 320, 336; 117 S. Ct. 2059, 2061 (1997). As it relates to this motion to dismiss, the AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Section 2244(d)(1)(A) provides that the one-year limitation period shall run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Vidaurri appealed his conviction, but did not file a petition for discretionary review with the Texas Court of Criminal Appeals. Thus, Vidaurri's conviction was final for purposes of the federal statute of limitation when the time for filing a petition for discretionary review with the Court of Criminal Appeals had expired, thirty days after the judgment of the Fifth Court of Appeals was entered on October 27, 2000, or on November 26, 2000. TEX. R. APP. PROC. 68.2(a). Accordingly, under a literal reading of the statute, the one-year limitation period for filing a federal petition expired on November 26, 2001.

The AEDPA's one-year limitation period had already expired at the time Vidaurri executed his federal habeas corpus petition on March 29, 2002. Petition at 9. However, a properly filed state writ will toll the limitation period while it is pending in state court. 28 U.S.C. § 2244(d)(2). Vidaurri filed a state writ application on September 11, 2001, prior to the expiration of the federal limitations period. That state writ tolled the federal statute of limitations until it was denied on December 19, 2001. At that point, Vidaurri still had 77 days in which to timely file a federal writ petition, until March 6, 2002. However, Vidaurri waited an additional 100 days, until March 29, 2002, to file his federal writ petition. Therefore, his federal writ petition was filed 22 days too late.

The record does not reflect that any unconstitutional "State action" impeded Vidaurri from filing for federal habeas corpus relief prior to the end of the limitations period. 28 U.S.C. §

4

2244(d)(1)(B). Furthermore, Vidaurri has not shown that he could not have known the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D). Finally, Vidaurri's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Since Vidaurri does not satisfy any of the exceptions to the AEDPA statute of limitation, consideration of his petition is barred by it. This court, therefore, should dismiss Vidaurri's petition pursuant to the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

## VIII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director prays that this court dismiss Vidaurri's petition with prejudice as untimely pursuant to 28 U.S.C. § 2244(d). Should this motion be dismissed, the Director requests thirty (30) days to respond to Vidaurri's claims.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

\*Attorney-In-Charge

KARYL KRUG\*
Assistant Attorney General
Deputy Chief, Habeas Corpus Division
State Bar No. 00786033

5

P. O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 463-2140
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF INTERESTED PARTIES

I certify, pursuant to Local Rule 3.1(f) of the Northern District of Texas, that other than the petitioner, Javier Vidaurri, and the respondent, Janie Cockrell, Director, Texas Department of Criminal Justice, Institutional Division, counsel for respondent is unaware of any person with a financial interest in the outcome of this case.

_____
KARYL KRUG
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Karyl Krug, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Motion to Dismiss as Time Barred Pursuant to 28 U.S.C. § 2244(d) with Brief in Support has been served by placing same in the United States Mail, postage prepaid, on this the 19th day of July, 2002, addressed to:

Javier Vidaurri
TDCJ-ID #769567
Allred Unit
2101 FM 369 N
Iowa Park, Texas 76367

_____
KARYL KRUG
Assistant Attorney General