IN THE UNITED STATES DIST. COURT
FOR THE NORTHERN DIST. OF TEXAS - DALLAS DIV.

JAVIER VIDAURRI
— V —
JANIE COCKRELL - DIRECTOR
TEX. DEPT. OF CRIM. JUST. - INST. DIV.
RESPONDENT

CIV. ACTION NO. 3:02-CV-889-M

FILED
AUG – 2 2002
CLERK, U.S. DISTRICT COURT
By _____ Deputy

## PETITIONER J. VIDAURRI'S AMENDED COMPLAINT

COMES NOW, JAVIER VIDAURRI, PETITIONER, PRO SE, AND FILES this, AMENDED COMPLAINT PURSUANT to 28 U.S.C. 2254, SENATE Bill 3 (SB3), MURRAY V CARRIE, 106 S. CT. 2639, 2649; COLEMAN 111 S. CT. 2554-55

### -I-

THE COURT HAS JURISDICTION OVER THE SUBJECT MATTER AND THE PARTIES PURSUANT TO 28 U.S.C. 2254

### -II-

PETITIONER HAS PROVIDED THIS COURT EVERY ALLEGATION OF FACT WITH EXHIBITS SUPPORTED BY THE ORIGINAL TRIAL RECORD TRANSCRIPT WHICH THE RESPONDENT STILL CONTINUES TO BE IN A DEEP STAGE OF DENIAL.

### -III-

PETITIONER CONTINUES TO BE UNLAWFULLY RESTRAINED IN THE UNLAWFUL CUSTODY OF RESPONDENT COCKRELL PURSUANT TO A.

WRONGFUL JUDGMENT AND SENTENCE OF THE CRIM. DIST. CT. NO. 1 OF DALLAS CO., TX., IN CAUSE NO. F-9603172-IH, STYLED, THE STATE OF TEXAS v JAVIER VIDAURRI, EX PARTE, VIDAURRI, APPLICATION NO. 50,926-01.

## - IV -

### PETITIONER'S "SUPPORTED BY RECORD" ALLEGATIONS

AS GROUND FOR RELIEF, PETITIONER FILED IN HIS WRIT with this COURT that: 1) HE WAS NOT CORRECTLY ADMONISHED OF THE NATURE OF THE CHARGES OR THE FACT THAT THE ONLY POSSIBLE SENTENCE WAS AN AUTOMATIC LIFE SENTENCE - PETITIONER Added Exhibits TO SUPPORT his ALLEGATIONS with TRIAL TRANSCRIPT PORTIONS. 2) TEXAS CAPITAL SENTENCING SCHEME IS UNCONSTITUTIONAL IN ITS ENTIRETY - THERE SIMPLY IS NO VEHICLE FOR THE JURY TO CONSIDER AND GIVE EFFECT TO MITIGATING EVIDENCE: 3) THE EVIDENCE "CLEARLY" IS CONSISTENT WITH AN ACCIDENTAL DISCHARGE OF A WEAPON DURING A MELEE BY ONE OF THE SO-CALLED ALLEGED VICTIMS AND PROVIDED with SUPPORT Exhibits OF RECORDS by ORIGINAL TRIAL TRANSCRIPTS; 4) RESPONDENT COCKRELL BECOMES EVASIVE AND TOTALLY FORGETS to MENTION THE SUPPORTED FACTS by RECORDS WHERE MARLENE VICENTE ON THE STAND AND FOR THE RECORDS ADMITS that SHE SIGNED A STATEMENT SHE did NOT MADE OR WROTE, but who A CORRUPTED MEMBER OF the POLICE DEPT. WROTE HERSELF. THIS LADY detective IN CHARGE OF THE CASE tried to faint the EVIDENCE AND FALSIFY with WITNESS STATEMENTS by WRITING the STATEMENTS HERSELF (detective) AND TRYING TO COERCE OR FORCE the WITNESS MARLENE VICENTE TO SIGN - THANK God MARLENE

Vicente spoke the truth under oath in open court. See original Fed. Writ with supported record exhibits where Petitioner provides prove to this court.

Now why would Respondent Cockrell fail to mention this issue with supported record facts?

It is due to this corrupted police officers, detectives, and prosecutorial misconduct that clogs the courts with claims that should have been remedied in state court, had the above mentioned public officials done the right duty.

The exhibits clearly proves and provides this court with trial transcripts from original trial where these officers abused their authority under their official and individual capacity with deliberate intent to cause harm to Petitioner by tampering with evidence and trying to falsify witness statements these detectives wrote themselves.

It is called "A Sickness" when a police member or a prosecutor "thinks" of tampering or falsifying evidence against an alleged defendant - But it is EVIL when they act on what they think and send an innocent man to prison.

5) Trial counsel was ineffective as supported with record fact exhibit where Texas Bar found that Petitioner's attorney was not doing her Job.

6) Jury charge was in error - Voluntariness of Petitioner's action.

7) Petitioner requested (another issue that Respondent fails to attack) DNA testing pursuant to SB3.

8) Petitioner was denied the effective assistance of counsel in his original trial and on appeal as supported on Fed. Writ.

-3-

V

Respondent files Motion to Dismiss as Time Barred. How can Petitioner be "Forced" to File in Federal Court a Fed. Writ Pursuant to 28 U.S.C. 2254 when the State Court of Appeals at Austin had not even Reviewed, Muchless Ruled on the State Habeas Corpus 11.07? That is outright Ludicrous and Totally Preposterous what Respondent Tried to Force Petitioner.

For example. If Petitioner's case was on Appeal, the Petitioner cannot file an 11.07 until case on Appeal is Final. And it makes sense cause How can Petitioner Argue Grounds that the Appeals Court has not even Ruled on? Same goes to the Preposterous Allegation where Respondent says Petitioner had to file in Fed. Court even though State Court Appeal's had not Ruled on the 11.07. How can Time Limit start when Final Judgment has not even been Entered?

For the Above, Petitioner Advices the Court that Respondent unconstitutional State Action impedes or tries to impede Petitioner from Pursuing Relief Pursuant 28 U.S.C. 2254, because State Knows Petitioner has Effective Relief coming once the Fed. Court System Grants Reversal for New Trial.

VI

Petitioner Request that this Court Grant an Order to Subpoena Marlene Vicente so she can Testify as to the Validity of witness statement the detective wrote and tried to coerce and forced Marlene Vicente to sign.

-4-

Detective Harding was the main officer who tainted and falsified (written by her) witness statement as court records (exhibits) will reflect to this court.

## -VII-

Petitioner request that his appeal's attorney be subpoena and in this honorable court, under oath testify as to why the Texas Bar ruled that she was not effectively assisting petitioner. See exhibit where State Bar of Texas wrote petitioner and they DID FIND his appeal's atty. to be ineffective on his appeal. This atty. also refused to file or respond to the Court of Appeals, even after petitioner repeatedly wrote the Court of Appeals (as ct. records will reflect), this attorney and the State Bar of Texas.

Respondent thereby, and by the state own admittance, admit the attorney for petitioner was totally ineffective for not filing in time to the court petition for discretionary review with the Ct. of Crim. Appeals.

And Respondent is correct, in part. It was the total ineffective assistance of counsel which respondent proves — and not the failure of petitioner as Ct. Crim. Appeals records will reflect, as well as State Bar of Texas where petitioner repeatedly wrote in an attempt to get a response from his appeal's attorney, Ct. Crim. Appeals and-or State Bar of Texas.

-5-

For the above reasons Petitioner respectfully hopes that this Court, after thoroughly reviewing the whole case in its entirety and subpoena the 2 people mentioned herein — and Petitioner be also subpoena to testify as to his minor involvement on this case — this Court will find that part of the Dallas Police Dept. and Prosecuting Attorneys should and must be charged with misconduct with intentionally tampering with evidence and falsifying witness statements by also abusing their authority under their official and individual capacity in order to cause harm and wrongful imprisonment on a man that did not murder no one.

Petitioner prays that this Court amend this to the original Fed writ and Grant relief.

As under oath, Petitioner certifies that the above is true and correct to the best belief of Petitioner pursuant to 132.001 through 132.003 Tex. Civ. Prac. + Rem. Code ? Art. 11.14 (5) V.A.C.C.P. Petitioner declares under penalty of perjury that the above is true and correct to the best belief of Petitioner herein seeking relief.

Respectfully _Javier Vidaurri Sr._   26, July, 2002
Petitioner: Javier Vidaurri, TDC# 769567
Allred Unit
2101 FM 369 N.
Iowa Park Tx 76367

cc: J. Vidaurri
    K. K. - Assist. Atty. Gen.
    1-Original - 1- Copy Court.

- 6 -