IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| JAVIER VIDAURRI, #769567 § | |
| Petitioner, § | |
| § | |
| v. § | 3:02-CV-889-M |
| § | |
| JANIE COCKRELL, DIRECTOR, § | |
| TEXAS DEPT. OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION § | |
| Respondent. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Janie Cockrell, Director of TDCJ-ID.

### II. Background

On November 7, 1996, Petitioner was convicted of capital murder in the Criminal District Court No. 1, Dallas County, Texas. (Pet. p.2). Petitioner received an automatic life sentence. (*Id.*). On October 27, 2000, the Fifth District Court of Appeals affirmed Petitioner's conviction. *Vidaurri v. State*, 2000 WL 1600659 (Tex. App. – Dallas, 2000). Petitioner did not file a petition for discretionary review. (Pet. p.3).

On September 11, 2001, Petitioner filed a state petition for writ of habeas corpus. (*Ex parte Vidaurri*, Application No. 50,926-01). On December 19, 2001, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court. (*Id.* at cover).

On March 29, 2002, Petitioner filed this petition for writ of habeas corpus. Petitioner argues: (1) he was not correctly admonished of the nature of the charges against him, or the fact that the only possible sentence was an automatic life sentence; (2) Texas' capital sentencing scheme is unconstitutional because, where the sentence is an automatic life sentence, there is no vehicle for the jury to consider and give effect to mitigating evidence; (3) the evidence was consistent with an accidental discharge of a weapon; (4) trial counsel was ineffective because he failed to request an instruction on the voluntariness of Petitioner's actions; (5) there was jury charge error because the jury was not charged on the voluntariness of Petitioner's actions; (6) false evidence was presented by the State; and (7) he was denied the effective assistance of counsel.

On July 23, 2002, Respondent filed a motion to dismiss the petition as time-barred. On August 2, 2002, Petitioner filed an amended petition arguing his petition is not time-barred because he could not have filed a federal petition while his state case was pending.

## II. Discussion

### (a) Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L.

Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d).

Section 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This petition is properly analyzed under § 2244(d)(1)(A). Petitioner does not base his petition on any new constitutional right as required under § 2244(d)(1)(C). Petitioner has also not shown that his petition is timely under 28 U.S.C. § 2244(d)(1)(D). The Court finds Petitioner either knew or should have known of his claims at the time his conviction became final under § 2244(d)(1)(A).

Petitioner claims that a state-created impediment makes his petition timely under 28 U.S.C. § 2244(d)(1)(B) because he was unable to file his federal petition while his state petition

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

was pending. The federal limitation period, however, was tolled during the pendency of Petitioner's state habeas application. *See* 28 U.S.C. § 2244(d)(2). Petitioner therefore has failed to show that a state-created impediment makes his petition timely. The Court, therefore, analyzes the timeliness of the petition under § 2244(d)(1)(A).

On November 7, 1996, Petitioner was convicted of capital murder. On October 27, 2000, the Fifth District Court of Appeals affirmed his conviction. Petitioner did not file a petition for discretionary review. Petitioner's conviction therefore became final thirty days later on November 26, 2000. *See* Tex. R. App. Proc. 68.2(a). Petitioner then had one year from November 26, 2000, or until November 26, 2001, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On September 11, 2001, Petitioner filed a state petition for habeas relief. *Ex parte Vidaurri*, Application No. 50,926-01. On December 19, 2001, the Texas Court of Criminal appeals denied the petition. At that time, Petitioner had 77 days left on the limitations period to file his federal petition. Petitioner did not file his petition until March 29, 2002. His petition was therefore 21 days late.

**(b) Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). A district court must be cautious not to apply the statute of limitations too harshly because dismissal of a first habeas corpus petition is a serious

matter. *See Fisher*, 174 F.3d at 713. The Fifth Circuit has provided insight into the types of circumstances that may be seen as rare and exceptional. In *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), for example, the Court stated that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Further, Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

On July 26, 2002, Petitioner filed an amended complaint in response to Respondent's motion to dismiss as time-barred. Petitioner's amended complaint argues the merits of his claims and argues that he could not have filed a federal petition while his state petition was pending. As discussed above, the federal limitations period was tolled while Petitioner's state writ was pending. Petitioner has therefore not shown any basis for equitable tolling in this case. *See Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights."; *see also, Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -5-

prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 4 day of February, 2003.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE